(940 P.2d 66)
No. 75,510

Patsy A. Tharp, *Appellee*, v. Eaton Corporation, *Appellant*,
and/or Kansas Workers Compensation Fund, *Appellee*.

Opinion filed March 28, 1997.

*Edward D. Heath, Jr.*, of Wichita, for the appellant.

*Thomas E. Hammond*, of Render, Kamas & Hammond, of Wichita, for appellee
Patsy A. Tharp.

Before Lewis, P.J., Knudson, J., and Chipman, S.J.

Chipman, J.: Eaton Corporation (Eaton) appeals the finding of
the Workers Compensation Board that Patsy A. Tharp suffered a
73 percent permanent partial whole body work disability as a result
of unrelated injuries that she suffered to both her back and arms.
The only issue raised on appeal is as to whether the Administrative
Law Judge (ALJ) and the Board erred in finding that Tharp had
overcome the presumption of no work disability, pursuant to K.S.A.
1992 Supp. 44-510e(a), under the circumstances of this case.

Briefly, the relevant facts to this case are that between December 1990 and February 1993, Tharp suffered separate and distinct
injuries to both her back and arms. Tharp was released back to

work with restrictions limiting her to sedentary, nonrepetitive work. In August 1993, Tharp returned to work at a comparable wage, but in a job which required her to sit in a room by herself, waiting for someone to give her something to do. Tharp quit this job after only a month because she claimed it was humiliating for her to constantly have to ask for work and because she did not believe she was doing the company any good.

The ALJ found that the job which Eaton gave Tharp in August 1993 was "a feeble attempt for accommodation," with which the Board agreed. The ALJ then found that Tharp had a 75 percent permanent partial general bodily disability due to the injuries to her arms and a 50 percent work disability due to the injury to her back. The Board modified the ALJ's award and found that the combination of the injuries resulted in Tharp's suffering a 73 percent permanent partial whole body work disability.

In *Guerrero v. Dold Foods, Inc.*, 22 Kan. App. 2d 53, 913 P.2d 612 (1995), we set out the appropriate standard of review for appeals from orders of the Workers Compensation Board, in pertinent part:

"The 1993 workers compensation amendments limited review of all orders issued after October 1, 1993, to questions of law. K.S.A. 44-556(a). Whether the Board's findings of fact are supported by substantial competent evidence (K.S.A. 77-621[c][7]) is a question of law. [Citation omitted.]

. . . .

" ' "Substantial evidence" is evidence which possesses both relevance and substance, and which furnishes a substantial basis of fact from which the issues can be reasonably resolved.' [Citation omitted.]

"This court may not reweigh the evidence presented at the agency hearing or determine the weight or credibility of the witnesses' testimony. [Citation omitted.]" 22 Kan. App. 2d at 55-56.

K.S.A. 1992 Supp. 44-510e(a), which is at issue in this case, was amended in 1993. However, because Tharp's injuries pre-date the effective date of the change, K.S.A. 1992 Supp. 44-510e(a) is the applicable statute in this case. K.S.A. 1992 Supp. 44-510e(a) states, in relevant part: "There shall be a presumption that the employee has no work disability if the employee engages in any work for wages comparable to the average gross weekly wage that the employee was earning at the time of the injury."

Eaton cites *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995), as a case which supports its position that the presumption of no work disability should have been applied in this case because Tharp voluntarily terminated her employment with Eaton. Eaton argues that regardless of how Tharp felt about her new job, it was nevertheless a job at a comparable wage and within her specified work restrictions.

In *Foulk*, the claimant, who had suffered a lower back injury, was offered a more accommodating job by her employer. The claimant turned the position down "because she felt she could not perform certain aspects of the job in light of the medical restrictions she was under." 20 Kan. App. 2d at 280. The Board found that under the circumstances, the claimant had failed to show that she was suffering from a work disability, and we affirmed.

However, *Foulk* can be distinguished from the present case on its facts. In *Foulk*, the claimant refused to take the new position because she claimed it did not accommodate her work restrictions. In this case, Tharp did not terminate her employment because she was unable to perform the new job, but rather because she felt she had not been given a real job to perform.

A case which is more analogous to the present case is *Guerrero*. In *Guerrero*, the claimant suffered from carpal tunnel syndrome of her right arm, which restricted her ability to perform repetitive work. The claimant was then given a job which was presumably more within her work restrictions. However, because the job still required her to perform repetitive work, the claimant reported to her supervisor that the work was causing her problems. The claimant was then terminated by her employer for her refusal to work within her restrictions.

In finding for the claimant in *Guerrero*, we distinguished *Foulk*, since the claimant in *Guerrero* had at least attempted to perform the new job offered by her employer, as opposed to the claimant in *Foulk*, who had refused to even attempt the new job. 22 Kan. App. 2d at 57. Further, we noted that the employer in *Guerrero* was aware that Guerrero's new job was not really within her restrictions, indicating that such job was not really an accommodation. 22 Kan. App. 2d at 57.

In any event, the testimony of both Tharp and Langel support the ALJ's conclusion that Eaton's attempt at placing Tharp in an accommodating job was not sufficient to invoke the presumption of no work disability pursuant to K.S.A. 1992 Supp. 44-510e(a). For this reason, we affirm the order of the Workers Compensation Board in this case as being supported by substantial competent evidence.

Affirmed.